**DEREK SMITH LAW GROUP, PLLC**
Sexual Harassment and Discrimination Lawyers

New York | Los Angeles | Philadelphia | Miami | New Jersey | San Francisco | San Diego

April 16, 2025

<u>*Via ECF*</u>
Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**MEMO ENDORSED**

Re: *Singla v. Sherwood Partners, Inc.*
**Civil Action No.: 1:24-cv-04190-JGK**
**Letter Motion to Compel Discovery Responses**

Dear Judge Koeltl:

This firm represents Plaintiff in connection with the above matter. We regrettably write this Letter Motion to compel Defendants' discovery responses. Succinctly put, Defendants have failed to respond to Plaintiff's discovery requests.

### <u>Background</u>

On May 31, 2024, Plaintiff filed the present action. On October 4, 2024, Defendants submitted their response.

On October 21, 2024, the Court entered a Scheduling Order (ECF Dckt. No. 47, "Order"). The Order specified that on or before December 4, 2024, initial written discovery requests were due. The parties agreed to exchange initial disclosures on January 14, 2025, and written discovery requests on January 20, 2025, which Plaintiff did (*see* Attachment A, Plaintiff's Document Demands & Attachment B, Plaintiff's Demand for Interrogatories). Defendants' deadline to respond was February 20, 2025.

Thereafter, the parties agreed Defendants could respond to Plaintiff's written discovery on March 6, 2025. Defendants counsel then sought more time on March 5, 2025, and then sought more time on March 19, 2025. Plaintiff did not consent to extend Defendants' time to respond beyond March 6, 2025.

On March 25, 2025, Plaintiff sent Defendants a meet and confer letter. On April 3, 2025, the parties conferred by telephone. Defendants' counsel represented that responses would be provided on April 15, 2025.

To date, Defendants have not responded to Plaintiff's written discovery. As such, Plaintiff has not yet noticed depositions or served third-party subpoenas. Plaintiff is now concerned fact discovery will not be complete by the Order's deadline (July 14, 2025).

**Rules**

Defendants are in violation of FRCP 33 & 34.

"If a party fails to answer an interrogatory submitted under FRCP 33, the discovering party may move for an order compelling an answer." *MIDLAND INS. CO. v. FRIEDGOOD*, 1985 U.S. Dist. LEXIS 18071, *1. Likewise, FRCP 37 provides that a motion to compel may be made if a party fails to respond. *Mary Imogene Bassett Hosp. v. Sullivan*, 136 F.R.D. 42, 43

Additionally, Defendants have waived their ability to object in their responses. Failure to respond or object to a discovery request in a timely manner waives any objection which may have been available. *See Erlich v. Village of Sea Cliff*, CV 04-4025, 2007 U.S. Dist. LEXIS 40215, 2007 WL 1593241, at *4 (E.D.N.Y. Jun. 1, 2007); *Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 236 (W.D.N.Y. 1998).

**Requested Relief**

Plaintiff's counsel must request the Court impose a deadline for Defendants to respond to written discovery requests. Defendants have caused unnecessary delays in this matter.

Plaintiff requests the Court compel discovery responses and impose a mandatory deadline for Defendants to submit responses by. To the extent Defendants do not adhere to the Court imposed deadline, Plaintiff will ask the Court impose sanctions and reimburse Plaintiff's counsel for costs.

Respectfully Submitted,

**DEREK SMITH LAW GROUP, PLLC**

*/s/ Alexander G. Cabeceiras*
Alexander G. Cabeceiras, Esq.

Application granted. As stated on the record during the Video Conference held on April 23, 2025, written discovery responses are due no later than **Friday, May 30, 2025**. The parties are directed to submit a joint status letter by no later than **Monday, June 2, 2025**.

In addition, the Court noted during the conference that the Sherwood Defendants' Fed. R. Civ. P. 7.1 corporate disclosure statement does not provide the citizenship of the members of the named LLCs. "For purposes of diversity of citizenship under 28 U.S.C. § 1331(a), an LLC 'takes the citizenship of each of its members.'" *Wheels Up Partners LLC v. Exclusive Jets, LLC*, No. 23 Civ. 8077 (VSB), 2025 WL 950805, at *2 (S.D.N.Y. Mar. 28, 2025) (quoting *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012)). "'The citizenship of the members of an LLC is traced all the way through—that is, when a member of an LLC is itself an LLC, the citizenship of the members of that LLC are relevant for diversity purposes, and so on.'" *Id.* (quoting *Jakks P., Inc. v. Accasvek, LLC*, 270 F. Supp. 3d 191, 195 (D.D.C. 2017), *aff'd,* 727 F. App'x 704 (D.C. Cir. 2018)). Thus, as this action is based on diversity jurisdiction, the Sherwood Defendants are directed to correct their 7.1 statement by "naming and identifying the citizenship of 'every individual or entity whose citizenship is attributed to that party or intervenor'" including LLC members. *Pattern Energy Group LP v. Perillo*, No. 1:25 Civ. 785 (JLR), 2025 WL 1112848, at *7 (S.D.N.Y. Apr. 15, 2025) (quoting Fed. R. Civ. P. 7.1(a)(2), (a)(2)(A)).

SO ORDERED.

Dated: New York, New York
April 24, 2025

Gary Stein
United States Magistate Judge
Southern District of New York