**DEREK SMITH LAW GROUP, PLLC**
Sexual Harassment and Discrimination Lawyers

New York | Los Angeles | Philadelphia | Miami | New Jersey | San Francisco | San Diego

July 21, 2025

**MEMO ENDORSED**

<u>*Via ECF*</u>
Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    ***Singla v. Sherwood Partners, Inc.***
                **Civil Action No.: 1:24-cv-04190-JGK**
                **Letter Motion to Compel Discovery Responses / Strike Objections**

Dear Judge Koeltl:

      This firm represents Plaintiff in connection with the above matter. We regrettably write this Second Letter Motion to compel Defendants' discovery responses.

### Background

      On May 31, 2024, Plaintiff filed the present action. On October 4, 2024, Defendants submitted their response.

      On April 25, 2025, the Court Ordered Defendants respond to overdue discovery demands no later than May 30, 2025. (*see* Attachment A, Plaintiff's Document Demands & Attachment B, Plaintiff's Demand for Interrogatories; ECF Dckt. No. 55). After the Court granted Defendants an extension, Defendants complied with the Court Order on June 6, 2025. (*see* Attachment C, Defendants' Answers and Objections to Plaintiff's Request for Production, and *see* Attachment D, Defendants' Objections and Responses to Plaintiff's First Set of Interrogatories).

      Thereafter, on June 12, 2025, Plaintiff sent Defendants a letter outlining deficiencies in their responses. (*see* Attachment E). Plaintiff's letter pointed out the following with respect to Responses to Request for Production:

- In response to Demands 1-22, 27-32, 39, 40, 41, and 44-46, Defendants, after their objections, state "Defendants will produce" the documents at issue, along with certain caveats. Defendants repeatedly stating that they will produce certain documents at an unspecified time is insufficient under FRCP 34.

- Misplaced objections. (*E.g.,* making relevance objections regarding Plaintiff's personnel file).

Plaintiff's letter further pointed out the following with respect to Responses to Interrogatories:

- Defendants' Interrogatories are not sworn to.

- Defendants' Interrogatories are not complete (*e.g.,* referring to another answer in a response).

Although representing these deficiencies would be cured, Defendants have not supplemented their responses to date. After providing Defendants nearly 2 months of extra time to address these deficiencies, Plaintiff submits this pre-letter motion to compel.

### **Argument**

Defendants are in violation of FRCP 33 & 34.

### *Request for Production*

Rule 34(a)(1) requires a party to produce relevant documents in the party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Under this rule, a responding party is required "to conduct a reasonable and diligent search for responsive documents[.]"

Mere willingness to produce documents at some later, unspecified time without then either forwarding copies of those documents or stating when that disclosure would occur does not satisfy Rule 34. *Assocs. Ins. Co. v. George J. Castle, Inc.*, No. 04CV174S, 2005 U.S. Dist. LEXIS 48770, 2005 WL 8173538 (W.D.N.Y. July 21, 2005) (citation omitted); see also *Chow v. Sentosacare, LLC*, No. 19-CV-3541-FB-SJB, 2020 U.S. Dist. LEXIS 20770, 2020 WL 559704, at *3 (E.D.N.Y. Jan. 23, 2020) ("[T]o the extent defendants intend to produce documents, it was required either to produce them on the date it served responses or provide a date on which it would make a production and the form that production would take." (quotation and original alterations omitted)).

A party can be compelled to produce documents if they "ha[ve] access and the practical ability to possess [the] documents. . . ." *SEC v. Gallagher*, 2024 U.S. Dist. LEXIS 85235, *3 (2024) quoting *Shcherbakovskiy v. Da Capo Al Fine, Ltd*., 490 F.3d 130, 138 (2d Cir. 2007). Defendants do not include all responsive documents that, seemingly, are in possession. Thus, Plaintiff must file this present application.

### *Interrogatory Responses*

*First*, these responses must be signed. FRCP 33(5) provides that the "person who makes the answers must sign them, and the attorney who objects must sign any objections." Whoever provided the answers must sign-off on the responses therein.

*Second*, Defendants must submit separate answers to each interrogatory. Defendants' response to interrogatory number 5 & 8 refers Plaintiff to another, separate document. (And, with

respect to response to Interrogatory Number 8, refers to documents that have not been produced). "The rule governing interrogatories provides . . . that each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Richard v. Dignean, 332 F.R.D. 450, 457 (W.D.N.Y. 2019) (internal citations omitted and emphasis added); see Fed. R. Civ. P. 33(a)(3). "[E]vasive or incomplete" interrogatory responses are treated as failures to respond. Fed. R. Civ. P. 37(a)(4).

### Requested Relief

Plaintiff's counsel must request the Court compel Defendants to produce necessary documents and comply with FRCP, along with costs and attorneys fees.

Plaintiff can fully brief these outstanding issues should the Court desire.

Plaintiff thanks the Court for its consideration.

Respectfully Submitted,

**DEREK SMITH LAW GROUP, PLLC**


*/s/ Alexander G. Cabeceiras*
Alexander G. Cabeceiras, Esq.


The undersigned's individual practice rules require that parties meaningfully meet and confer before bringing discovery disputes to the Court. As Plaintiff does not represent that counsel attempted to meet and confer on the dispute described in Plaintiff's July 21, 2025 Letter (Dkt. No. 63), the motion is denied without prejudice. However, as Defendants state that they will provide amended discovery responses and supplemental production by July 30, 2025, they are directed to do so. In addition, Defendants are directed to provide a status update as to production by July 30, 2025. Finally, the status letter scheduled for Friday, August 15, 2025 shall include an update as to the status of this issue as well as the general progress of discovery.

Date:   July 25, 2025
        New York, NY

SO ORDERED:

_____
HON. GARY STEIN
UNITED STATES MAGISTRATE JUDGE